No. 19-70014

# In the United States Court of Appeals
# for the Fifth Circuit

JAMES GARFIELD BROADNAX,

*Petitioner - Appellant*,

*v.*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent - Appellee.*

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division

## BRIEF FOR APPELLEE

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant
  Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

KYLE D. HAWKINS
Solicitor General

MATTHEW H. FREDERICK
Deputy Solicitor General
Matthew.Frederick@oag.texas.gov

Counsel for Respondent - Appellee

## CERTIFICATE OF INTERESTED PERSONS

No. 19-70014

JAMES GARFIELD BROADNAX,

*Petitioner - Appellant*,

*v.*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent - Appellee.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, appellee, as a governmental party, need not furnish a certificate of interested persons.

/s/ Matthew H. Frederick

MATTHEW H. FREDERICK
*Counsel of Record for*
*Respondent - Appellee*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary to decide this case because the claims on appeal are controlled by well-established precedent and can be resolved on the briefs alone. If the Court grants oral argument, however, the Director wishes to participate to assist with resolution of the appeal.

# TABLE OF CONTENTS

Page

Certificate of Interested Persons....................................................................i

Statement Regarding Oral Argument.............................................................ii

Table of Authorities .................................................................................... iv

Statement of Jurisdiction .............................................................................. 1

Issues Presented............................................................................................ 1

Statement of the Case ................................................................................... 1

Summary of the Argument............................................................................ 4

Argument ...................................................................................................... 5

I.  Broadnax May Not Overcome AEDPA's Relitigation Bar with
New Evidence........................................................................................ 5

A.  As the Supreme Court made clear in *Pinholster*, a federal
habeas petitioner may not rely on new evidence to attack a
state court's adjudication of his claim.................................... 5

B.  The state court adjudicated Broadnax's *Batson* claim on the
merits, and Broadnax may not rely on new evidence in federal
court to overcome AEDPA's relitigation bar. ...................... 6

1.  Broadnax's claim rests on the same ground as the claim the
state court adjudicated on the merits. ......................... 8

2.  This Court's factual-exhaustion precedent does not create a
loophole in AEDPA................................................. 9

II.  The Court Lacks Jurisdiction to Consider Whether Broadnax Has
Overcome Section 2254(d)'s Relitigation Bar. ......................... 14

Conclusion ...................................................................................................15

Certificate of Service....................................................................................16

Certificate of Compliance ...........................................................................16

# Table of Authorities

Page(s)

**Cases:**

*Anderson v. Johnson*,
338 F.3d 382 (5th Cir. 2003) ................................................................ 9, 13, 14

*Batson v. Kentucky*,
476 U.S. 79 (1986) .................................................................................*passim*

*Brannigan v. United States*,
249 F.3d 584 (7th Cir. 2001) ............................................................................ 8

*Broadnax v. Davis*,
813 F. App'x 166 (5th Cir. 2020) (per curiam) ....................................1, 4, 14, 15

*Broadnax v. State*,
AP-76,207, 2011 WL 6225399 (Tex. Crim. App. Dec. 14, 2011) .......................... 2

*Broadnax v. Texas*,
136 S. Ct. 77 (2015) ...................................................................................... 2

*Broadnax v. Texas*,
568 U.S. 828 (2012) ...................................................................................... 2

*Ex parte Broadnax*,
No. WR-81,573-01, 2015 WL 2452758 (Tex. Crim. App. May 20,
2015) (per curiam) ...................................................................................... 2

*City of Milwaukee v. Illinois & Michigan*,
451 U.S. 304 (1981) ..................................................................................... 10

*Clark v. Thaler*,
673 F.3d 410 (5th Cir. 2012)....................................................................... 12, 13

*Cullen v. Pinholster*,
563 U.S. 170 (2011) .................................................................................*passim*

*Cunningham v. Estelle*,
536 F.2d 82 (5th Cir. 1976) (per curiam)........................................................... 8

*Davila v. Davis*,
137 S. Ct. 2058 (2017) ................................................................................. 10

*Dowthitt v. Johnson*,
230 F.3d 733 (5th Cir. 2000) ........................................................................ 12

*Escamilla v. Stephens*,
749 F.3d 380 (5th Cir. 2014) ........................................................................ 12

*Gonzalez v. Crosby*,
   545 U.S. 524 (2005) ............................................................................ 8

*Halprin v. Davis*,
   911 F.3d 247 (5th Cir. 2018) (per curiam) ........................................ 3

*In re Hill*,
   715 F.3d 284 (11th Cir. 2013) ............................................................ 8

*Lewis v. Thaler*,
   701 F.3d 783 (5th Cir. 2012) ............................................................ 12

*Nelson v. Davis*,
   952 F.3d 651 (5th Cir. 2020) ............................................................ 13

*Picard v. Connor*,
   404 U.S. 270 (1971) .......................................................................... 10

*Pouncy v. Palmer*,
   846 F.3d 144 (6th Cir. 2017) ........................................................ 8, 9

*Powerex Corp. v. Reliant Energy Servs., Inc.*,
   551 U.S. 224 (2007) ............................................................................ 8

*Rotkiske v. Klemm*,
   140 S. Ct. 355 (2019) ........................................................................ 11

*Simmons v. Epps*,
   654 F.3d 526 (5th Cir. 2011) (per curiam) ...................................... 14

*Slater v. Davis*,
   717 F. App'x 432 (5th Cir. 2018) ...................................................... 13

*Stokley v. Ryan*,
   659 F.3d 802 (9th Cir. 2011) ............................................................ 11

*Trevino v. Davis*,
   861 F.3d 545 (5th Cir. 2017) ............................................................ 13

*United States v. Ponce*,
   896 F.3d 726 (5th Cir. 2018) .............................................................. 7

*Vasquez v. Hillery*,
   474 U.S. 254 (1986) ...................................................................... 10, 13

**Constitutional Provision, Statutes, and Rule:**

U.S. Const. amend. XIV ............................................................................1, 4

28 U.S.C.:

   § 2244(b)(1) ..................................................................................... 8

   § 2253 ............................................................................................ 1

   § 2254(b)........................................................................................ 12

   § 2254(d) .................................................................................*passim*

   § 2254(d)(1) ............................................................................*passim*

   § 2254(d)(2)............................................................................*passim*

   § 2254(e)........................................................................................ 12

   § 2254(e)(2) ................................................................................... 10

Tex. Code Crim. Proc. art. 11.071, § 5(a)(1)............................................ 14

5th Cir. R. 28.2.1 ...........................................................................................i

## STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 2253 limited to the single issue on which the Court granted a certificate of appealability.

## ISSUES PRESENTED

This Court granted a certificate of appealability on a single issue: "Whether the district court erroneously concluded that the spreadsheet was barred by *Pinholster* and 28 U.S.C. § 2254(d)(2). (Issue IA(2)(b) and (d) in Petitioner's Briefing)." *Broadnax v. Davis*, 813 F. App'x 166, 166 (5th Cir. 2020) (per curiam). The issues presented are:

1.  Whether a petitioner may rely on new evidence not presented in state court to overcome AEDPA's relitigation bar; and

2.  Whether this Court may consider the merits of Broadnax's *Batson* claim despite not granting a certificate of appealability on that issue.

## STATEMENT OF THE CASE

Petitioner James Garfield Broadnax was convicted of capital murder and sentenced to death for the fatal shooting of two individuals during a robbery. ROA.1103; ROA.1381; ROA.2021; ROA.5874-75. During voir dire, Broadnax claimed that the prosecution's exercise of peremptory strikes against seven prospective jurors violated *Batson v. Kentucky*, 476 U.S. 79, 89 (1986), which held that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race." The trial court denied Broadnax's *Batson* challenges. *See* ROA.1185. The trial court later granted Broadnax's motion to reinstate one African-American juror

whom the prosecution had stricken, although it did not find that the prosecution intentionally discriminated on the basis of race or that its race-neutral reasons for striking the juror were pretextual. *See* ROA.1184.

On direct appeal of his conviction, Broadnax argued (among other claims) that the state trial court erred by overruling his *Batson* challenges. The Texas Court of Criminal Appeals rejected Broadnax's *Batson* claims and affirmed the trial court's judgment. *Broadnax v. State*, AP-76,207, 2011 WL 6225399, *2-4 (Tex. Crim. App. Dec. 14, 2011). The United States Supreme Court denied Broadnax's petition for a writ of certiorari. *Broadnax v. Texas*, 568 U.S. 828 (2012). Broadnax also filed an application for a writ of habeas corpus in state court. ROA.11394-493. The CCA adopted the trial court's findings and conclusions and denied relief. *See Ex parte Broadnax*, No. WR-81,573-01, 2015 WL 2452758, at *1 (Tex. Crim. App. May 20, 2015) (per curiam), *cert. denied sub nom. Broadnax v. Texas*, 136 S. Ct. 77 (2015).

Broadnax then raised his *Batson* claims, among others, in a federal habeas petition. ROA.208; ROA.277-96. Broadnax later filed an amended federal habeas petition, ROA.541, which relied on new evidence produced during federal habeas proceedings to support his *Batson* claim. ROA.612; ROA.717-18. Broadnax's new evidence included a spreadsheet, prepared by the prosecution, which listed all qualified members of the jury venire; specified each prospective juror's race, gender, and response to a question about support for the death penalty; and listed information on African-American prospective jurors in bold type. ROA.720.

The district court denied relief on all claims and declined to issue a certificate of appealability. ROA.1103-1259. Regarding his *Batson* claims, the court held that the

prosecution provided "racially neutral, objectively verifiable, record-based, reasons" for its peremptory strikes and that Broadnax failed to present "clear and convincing evidence showing the state trial court's implicit credibility findings (regarding the prosecution's race-neutral reasons for its peremptory strikes against these venire members) were erroneous." ROA.1190. The district court held that Broadnax's new evidence was not properly before it because "*Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) . . . bars this Court from considering new evidence that was not properly before the Texas Court of Criminal Appeals," and "'§ 2254(d)(2) expressly limits review to the state court record.'" ROA.1191 n.73 (quoting *Halprin v. Davis*, 911 F.3d 247, 255 (5th Cir. 2018) (per curiam)). It concluded that AEDPA barred relitigation of Broadnax's *Batson* claims because the CCA's adjudication of those claims on the merits "was neither contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in his trial and direct appeal." ROA.1192.

Broadnax appealed, ROA.1261, and moved for a certificate of appealability, *see* Mot. for Certificate of Appealability and Brief in Support, *Broadnax v. Davis*, No. 19-70014 (5th Cir. Nov. 20, 2019) ("COA Br."). In Issue IA(2)(b) of his COA motion, Broadnax alleged: "The District Court Failed to Properly Consider Significant Documentary Evidence of Discriminatory Intent." *Id.* at 15. Similarly, in Issue IA(2)(d), Broadnax alleged: "The District Court Erroneously Concluded that the Spreadsheet was Barred by *Pinholster* and 28 U.S.C. § 2254(d)(2)." *Id.* at 36. This Court granted

3

a "COA limited to one issue: Whether the district court erroneously concluded that the spreadsheet was barred by *Pinholster* and 28 U.S.C. § 2254(d)(2). (Issue IA(2)(b) and (d) in Petitioner's Briefing)." *Broadnax*, 813 F. App'x at 166.

## Summary of the Argument

The Texas Court of Criminal Appeals adjudicated Broadnax's *Batson* claim on the merits and denied relief. AEDPA forecloses federal habeas relief on that claim unless Broadnax can set aside the relitigation bar imposed by 28 U.S.C. section 2254(d). In his effort to set aside the relitigation bar, Broadnax relies on newly presented evidence that was not before the state court. Broadnax's attempt to rely on newly presented evidence is foreclosed by *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011), which held unequivocally that a federal court's review of a state court's adjudication on the merits must be limited to the record that was before the state court. The district court therefore correctly held that *Pinholster* and section 2254(d)(2) barred consideration of evidence that was not before the state court, including the spreadsheet on which Broadnax relies in his federal habeas petition.

Broadnax contends that he may nevertheless rely on the spreadsheet under the factual-exhaustion doctrine because his new evidence renders his *Batson* claim "new" and unexhausted. But the factual-exhaustion doctrine does not apply to Broadnax's *Batson* claim for two reasons. First, his claim was adjudicated on the merits in state court and is therefore subject to section 2254(d), which limits review to the state-court record. Second, Broadnax's claim is not "new." His federal habeas petition alleges that the prosecution violated the Equal Protection Clause by exercising race-based peremptory strikes against eight prospective jurors. Broadnax raised

the same claim concerning the same peremptory strikes in state court; he merely seeks to support it with additional evidence. His federal claim therefore would not qualify as "new" under the factual-exhaustion doctrine.

Broadnax also argues that he can set aside AEDPA's relitigation bar based on the state-court record alone. But that question is not within this Court's jurisdiction because the Court did not grant a COA on that issue. In any case, Broadnax forfeited that argument by failing to raise it below.

## ARGUMENT

## I. Broadnax May Not Overcome AEDPA's Relitigation Bar with New Evidence.

### A. As the Supreme Court made clear in *Pinholster*, a federal habeas petitioner may not rely on new evidence to attack a state court's adjudication of his claim.

In *Cullen v. Pinholster*, the Supreme Court considered whether "whether review under § 2254(d)(1) permits consideration of evidence introduced" for the first time in "federal habeas court." 563 U.S. 170, 180 (2011). The Supreme Court concluded that section 2254(d)(1) does not:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.

*Id.* at 181-82. The Supreme Court found further support in AEPDA's "context," which "demonstrates Congress' intent to channel prisoners' claims first to the state courts." *Id.* at 182. "It would be contrary to that purpose," the Court reasoned, "to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.*

While *Pinholster* focused on section 2254(d)(1), which allows a petitioner to re-litigate a claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," the Supreme Court also considered section 2254(d)(2), which allows a petitioner to relitigate a claim if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The Court recognized that section 2254(d)(2) bars new evidence with even more "clarity" than section 2254(d)(1). *Pinholster*, 563 U.S. at 185 n.7; *see also id.* at 211-12 (Sotomayor, J., dissenting).

## B. The state court adjudicated Broadnax's *Batson* claim on the merits, and Broadnax may not rely on new evidence in federal court to overcome AEDPA's relitigation bar.

AEDPA provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not* be granted with respect to any *claim* that was *adjudicated on the merits* in State court proceedings unless" the petitioner overcomes AEDPA's relitigation bar. 28 U.S.C. § 2254(d)

6

(emphases added). Broadnax asks that the federal courts grant his petition for a writ of habeas corpus with respect to his claim that the State inappropriately considered the race of potential jurors in exercising peremptory challenges. *See* ROA.612-32; *Batson*, 476 U.S. at 89. If that claim was adjudicated in state court, Broadnax must overcome AEDPA's relitigation bar based on the state-court record. *Pinholster*, 563 U.S. at 181-82, 185 n.7.

As Broadnax conceded in the district court, his federal *Batson* claim "was properly exhausted" and adjudicated by the state court. ROA.632 (arguing only that Broadnax could overcome AEDPA's relitigation bar under section 2254(d)(1)). That is the end of the matter. He may not rely on new evidence. Broadnax switched course in his reply brief, arguing for the first time that his new evidence created a new, unexhausted claim. ROA.1070-71. But that was too late. Arguments raised for the first time in reply briefs are forfeited. *See, e.g.*, *United States v. Ponce*, 896 F.3d 726, 728 (5th Cir. 2018).

In any case, Broadnax's new evidence does not create a new, unexhausted claim. The scope of a "claim," 28 U.S.C. § 2254(d), is determined by the legal basis for relief it asserts, not the evidence used to support it. Broadnax's state and federal *Batson* claims are identical, and no amount of new evidence can alter that conclusion. In short, a petitioner may not overcome AEDPA's bar on new evidence by introducing new evidence.

### 1. Broadnax's claim rests on the same ground as the claim the state court adjudicated on the merits.

Broadnax's federal and state *Batson* claims are not distinct. When AEDPA refers to the "claim" adjudicated in state court, it means "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).[1] Courts across the country "have repeatedly held that new evidence and new legal arguments in support of a prior claim are insufficient to create a new claim." *In re Hill*, 715 F.3d 284, 293 (11th Cir. 2013); *cf. Cunningham v. Estelle*, 536 F.2d 82, 83 (5th Cir. 1976) (per curiam) (new "factors . . . demonstrat[ing] incompetency" of counsel "raise[d] the same ground"). In other words, "[a] rehashed claim is not a new claim." *Brannigan v. United States*, 249 F.3d 584, 588 (7th Cir. 2001).

Broadnax's asserted federal basis for relief in federal court is that the State inappropriately considered the race of prospective jurors in exercising its peremptory. A federal court "shall not" grant relief on that "claim" if it "was adjudicated on the merits in State court proceedings unless" Broadnax overcomes AEDPA's relitigation bar. 28 U.S.C. § 2254(d). To overcome the relitigation bar, Broadnax may not rely on new evidence; he must rely on the state-court record. *Pinholster*, 563 U.S. at 181-82, 185 n.7.

---

[1] Although *Gonzales* was interpreting "claim" as used in 28 U.S.C. § 2244(b)(1), "identical words and phrases within the same statute should normally be given the same meaning." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007); *see Pouncy v. Palmer*, 846 F.3d 144, 159 (6th Cir. 2017) (applying the same interpretation to 28 U.S.C. § 2254(d)).

As Broadnax recognizes, the state court rejected on the merits the asserted federal basis for relief he raises in federal court. ROA.632. Broadnax's state-court briefing complained that the State inappropriately struck eight minority jurors. *See* ROA.1326-31. In federal court, Broadnax complains of the exact same strikes. *See* Broadnax COA Br. 23-35, 39-41. There is no daylight between the two claims. Broadnax's federal *Batson* claim is "appropriately characterized as presenting not an independent claim, but rather emphasizing new evidence or argumentation in support of an old claim." *Pouncy*, 846 F.3d at 159. "And because the [Court of Criminal Appeals] 'adjudicated' that claim 'on the merits,' the deferential standards set forth in 28 U.S.C. § 2254(d) constrain [federal habeas] review." *Id.*

### 2. This Court's factual-exhaustion precedent does not create a loophole in AEDPA.

Because the Court of Criminal Appeals adjudicated Broadnax's *Batson* claim on the merits, AEDPA prevents federal courts from relying on new evidence in evaluating the adjudication of that claim. *Pinholster*, 563 U.S. at 181-82. According to Broadnax (Supp. Br. 11-14), however, a petitioner may defeat those limits on new evidence by relying on new evidence. Broadnax's contention defeats itself.

**a.** Broadnax thinks he has found a way around *Pinholster* and AEDPA in the form of this Court's pre-AEDPA factual-exhaustion precedent, which prohibited the introduction of new evidence to support a habeas claim in federal court if the new evidence would "fundamentally alter" the claim adjudicated in state court. *Anderson v. Johnson*, 338 F.3d 382, 388 (5th Cir. 2003). New facts and evidence breaching that limit were treated as unexhausted. *Id.* Conceding (Supp. Br. 11) that his federal

*Batson* claim rests on the same federal basis for relief as his state-court claim, Broadnax asserts (Supp. Br. 9-15) that his new evidence nonetheless creates a new claim.

But the judicially created factual-exhaustion doctrine was designed to protect federal-state comity, not benefit petitioners. Before AEDPA, federal courts gave no deference to state-court legal determinations, and petitioners could rely on new facts and evidence to attack state-court decisions. To protect comity, however, courts limited the type of new facts and evidence on which petitioners could rely in federal court. *See Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986); *Picard v. Connor*, 404 U.S. 270, 276 (1971). Petitioners could rely on new facts and evidence only if they "merely . . . supplement[ed]" that presented in state court, not if they "fundamentally alter[ed] the legal claim already considered by the state courts." *Vasquez*, 474 U.S. at 260. To use the factual-exhaustion doctrine as a mechanism to allow in significant new facts and evidence would turn the doctrine on its head and eviscerate AEDPA's protections of "comity, finality, and federalism." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

At any rate, the factual-exhaustion doctrine has no role to play after AEDPA. AEDPA, as a statute, trumps judicially created doctrine. *See City of Milwaukee v. Illinois & Michigan*, 451 U.S. 304, 313-16 (1981). "Claim" as used in AEDPA means a legal basis for relief, not a quantum of facts or evidence. And Congress chose to apply factual-exhaustion principles only to claims that were either not adjudicated or otherwise not subject to AEDPA's relitigation bar, 28 U.S.C. § 2254(e)(2); *Pinholster*, 563 U.S. at 186, so courts may no longer apply those principles to properly

adjudicated claims like Broadnax's, *see Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) ("[A]bsent provisions cannot be supplied by the courts."). *Pinholster* therefore read AEDPA to preclude the use of *all* new facts and evidence to attack a state court's adjudication of a claim. 563 U.S. at 182-85; *see Stokley v. Ryan*, 659 F.3d 802, 809 (9th Cir. 2011) ("*Pinholster* dramatically changed the aperture for consideration of new evidence."). There is now no relevant difference between a lot of new evidence or a little, or between unimportant or pivotal new facts and evidence. AEDPA precludes the use of *any* new evidence to attack the state court's adjudication under section 2254(d).

Broadnax argues (Supp. Br. 10-11) that the Supreme Court endorsed the factual-exhaustion rubric by leaving open the possibility that new evidence "may" create a new claim, *see Pinholster*, 563 U.S. at 186 n.10. Broadnax thus invites this Court to make the same mistake as the court of appeals in *Pinholster*. In prior decisions, the Supreme Court had merely assumed that section 2554(d)'s limit on evidence, "despite its mandatory language, simply does not apply when a federal habeas court has admitted new evidence that supports a claim previously adjudicated in state court." *Id.* at 184. But when the Court directly addressed the meaning of section 2554(d), it followed the text and "reject[ed] that assumption." *Id.* at 185. It also faulted the court of appeals for improperly divining unstated premises from those earlier

11

opinions. *Id.* at 184-85. The meaning of "claim" in AEDPA is clear; it does not turn on a quantum of new evidence.[2]

In any case, this Court has already interpreted *Pinholster* and twice concluded that the decision required the rejection of prior precedent that treated facts and evidence raised for "the first time on federal habeas review [as] an issue more accurately analyzed under the exhaustion rubric of § 2254(b) rather than as an issue of factual development under § 2254(d) and (e)." *Lewis v. Thaler*, 701 F.3d 783, 789-90 (5th Cir. 2012) (cleaned up) (quoting *Dowthitt v. Johnson*, 230 F.3d 733, 745 (5th Cir. 2000)); *Clark v. Thaler*, 673 F.3d 410, 416-17 (5th Cir. 2012). But that is just what Broadnax asks this Court to do. In words that go to the heart of Broadnax's theory that he may transform an adjudicated claim into an unexhausted one to obtain de novo review on an unlimited record, this Court said pointedly, "the exhaustion requirement . . . is a reinforcement of, rather than an escape hatch from, the rule that a federal habeas court's review is limited to the state court record." *Lewis*, 701 F.3d at 790.[3]

---

[2] In *Pinholster*, the State, operating under the old factual-exhaustion rubric, argued that new evidence had "fundamentally changed Pinholster's claim so as to render it effectively unadjudicated." 563 U.S. at 187 n.11. Yet the Court had no problem concluding that Pinholster was required to overcome AEDPA's relitigation bar and do so without new evidence. Whatever the Supreme Court thought a "new" claim might look like, it is not Broadnax's *Batson* claim.

[3] As Broadnax notes (Supp. Br. 13), this Court later applied the factual-exhaustion doctrine to conclude that an IATC claim relying on new evidence was not new. *See Escamilla v. Stephens*, 749 F.3d 380, 394-95 (5th Cir. 2014). *Escamilla* could not overrule *Lewis* and *Clark*, whose holdings *Escamilla* appears to have overlooked. In any event, *Escamilla* would have come out the same way under the proper rule. And

Later, relying on *Clark*, this Court held that "under the rule of orderliness," "even if new evidence would be considered unexhausted, our task is to consider only the record that was before the state . . . court." *Slater v. Davis*, 717 F. App'x 432, 435 (5th Cir. 2018) (quoting *Clark*, 673 F.3d at 418). The rule of orderliness requires the same result here. Even if Broadnax's new evidence "would be considered unexhausted" under this Court's pre-*Pinholster* precedent, this Court's "task is to consider only the record that was before the state . . . court." *Id.* (quoting *Clark*, 673 F.3d at 418).

**b.** Even setting aside the purposes and demise of the factual-exhaustion doctrine, Broadnax's claim is not new. The factual-exhaustion doctrine originated with *Vasquez*, which distinguished "the presentation of additional facts to the district court" and "the substance of [a petitioner's] claim." 474 U.S. at 257-58. Applying *Vasquez*, this Court has held that a new claim would be created only if the petitioner's new evidence placed his "claim "in a significantly different *legal* posture." *Anderson* 338 F.3d at 387 (emphasis added). Broadnax's new evidence does not place his federal *Batson* claim in a legal posture significantly different from his state-court *Batson* claim. As shown, both attack the same peremptory strikes on the same grounds. Indeed, according to Broadnax, this new evidence "merely confirms what he has been asserting all along." *Id.* at 388; *accord Vasquez*, 474 U.S. at 258-59 (holding that

---

*Nelson v. Davis*, 952 F.3d 651 (5th Cir. 2020), a COA opinion, concluded only that certain exhaustion questions were debatable; it had no jurisdiction to resolve the merits of those questions, which are still at issue in that case. *See Trevino v. Davis*, 861 F.3d 545, 548 n.1 (5th Cir. 2017).

affidavits supporting allegations of racial bias in juror selection "introduced no claim" because they merely supported the allegations made by the habeas petitioner in state court). And Broadnax's assertion (Supp. Br. 12) that he diligently yet unsuccessfully sought this evidence in state court further weighs *against* treating his claim as new. *See Anderson*, 338 F.3d at 389.[4] Broadnax cannot reinforce his *Batson* claim by relying on a defunct doctrine that does not support him in any event.

## II. The Court Lacks Jurisdiction to Consider Whether Broadnax Has Overcome Section 2254(d)'s Relitigation Bar.

As shown above, Broadnax cannot use new evidence to overcome AEDPA's relitigation bar for his *Batson* claim—under either section 2254(d)(1), as interpreted by *Pinholster*, or section 2254(d)(2). In his merits briefing, Broadnax goes on to argue (Supp. Br. 15-20) that he may overcome AEDPA's relitigation bar even without his new evidence. That issue, however, is outside the COA and forfeited in any event.

This Court has "jurisdiction to address only the issue specified in the COA." *Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011) (per curiam). The single issue specified in the COA was "whether the district court erroneously concluded that the spreadsheet was barred by *Pinholster* and 28 U.S.C. § 2254(d)(2). (Issue IA(2)(b) and (d) in Petitioner's Briefing)." *Broadnax*, 813 F. App'x at 166. The Court did not issue a COA on whether Broadnax could satisfy section 2254(d)(2) even without the

---

[4] Broadnax's complaint that following AEDPA's text and Supreme Court precedent "incentivizes prosecutors to withhold evidence until state proceedings have concluded," Supp. Br. 12, ignores that Texas law allows subsequent state writs where "the factual . . . basis for the claim was unavailable on the date the applicant filed the previous application," Tex. Code Crim. Proc. art. 11.071, § 5(a)(1).

14

new evidence, in which event 2254(d)'s limits on new evidence would be irrelevant. Indeed, Broadnax had never even made that argument until now. *See* ROA.612 (relying on his cumulative evidence to overcome section *2254(d)(1)*); COA Br. 11-35; *see also Broadnax*, 813 F. App'x at 166 (delineating the issue granted by reference to Broadnax's COA briefing).[5] For that reason, Broadnax's argument is also forfeited.

## Conclusion

This Court should affirm the district court's judgment.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ryan L. Bangert
Deputy First Assistant
  Attorney General

Kyle D. Hawkins
Solicitor General

/s/ Matthew H. Frederick
Matthew H. Frederick
Deputy Solicitor General
Matthew.Frederick@oag.texas.gov

Counsel for Respondent-Appellee

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

---

[5] The Court's reference to section 2254(d)(2) in its COA grant comes straight from Issue IA(d) in Broadnax's COA briefing, which has nothing to do with overcoming AEDPA's relitigation bar in the absence of the spreadsheet. COA Br. 36-39.

## CERTIFICATE OF SERVICE

On October 14, 2020, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Matthew H. Frederick
MATTHEW H. FREDERICK

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,904 words, excluding the parts of the brief exempted by Rule 32(f); (2) the Court's supplemental briefing order because it contains no more than 20 pages; and (3) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Matthew H. Frederick
MATTHEW H. FREDERICK