No. 19-70014

---

In The United States Court of Appeals
for The Fifth Circuit

**JAMES GARFIELD BROADNAX,**
*Petitioner-Appellant,*

**v.**

**BOBBY LUMPKIN, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,**
*Respondent-Appellee.*

On Appeal from The United States District Court
for The Northern District of Texas, Dallas Division
USDC No. 3:15-cv-01758-N

**REPLY TO BRIEF FOR APPELLEE**

| | |
|---|---|
| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **BURLESON, PATE & GIBSON, L.L.P.** |
| STEVEN C. HERZOG | CAMILLE M. KNIGHT |
| KIMBERLY A. FRANCIS | 900 Jackson Street, Suite 330 |
| AMEYA S. ANANTH | Dallas, TX 75202 |
| 1285 Avenue of the Americas | (214) 871-4900 |
| New York, NY 10019 | |
| (212) 373-3000 | |

COUNSEL FOR APPELLANT JAMES GARFIELD BROADNAX

**<u>CAPITAL CASE</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ....................................................................................................1

I.   The Director's Arguments Concerning Forfeiture are Misplaced ..................1

   A.   Broadnax Did Not Forfeit His Argument that *Pinholster* Does
        Not Preclude Consideration of the Spreadsheet....................................1

   B.   Broadnax Did Not Forfeit His Argument That the Spreadsheet
        Can Be Considered Because the State Court's Decision Was
        Unreasonable on the Record Before It ....................................................4

II.  The Court Has Jurisdiction to Review Broadnax's *Batson* Claim ..................6

III. The Director Fails to Fully Respond to Broadnax's *Pinholster*
     Argument and Mischaracterizes That Decision ...............................................8

CONCLUSION ................................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Batson* v. *Kentucky*,
    476 U.S. 79 (1986)...................................................................................5

*Battaglia* v. *Stephens*,
    No. 3:09-CV-1904-B, 2013 WL 5570216 (N.D. Tex. Oct. 9, 2013) ...................6

*Cullen* v. *Pinholster*,
    563 U.S. 170 (2011)................................................................................8

*Fishaye* v. *Holder*,
    559 F. App'x 296 (5th Cir. 2014) ..........................................................4

*Harris* v. *Haeberlin*,
    752 F.3d 1054 (6th Cir. 2014) ...............................................................5

*United States* v. *Juarez-Velasquez*,
    763 F.3d 430 (5th Cir. 2014) ................................................................3

*United States* v. *Koss*,
    624 F. App'x 871 (5th Cir. 2015) ..........................................................3

*Miller-El* v. *Cockrell*,
    537 U.S. 322 (2003)................................................................................7

*United States* v. *Mitchell*,
    776 F. App'x 227 (5th Cir. 2019) ..........................................................4

*United States* v. *Peterson*,
    No. 19-11143, 2020 WL 5905060 (5th Cir. Oct. 6, 2020) ...................3

*United States* v. *Ponce*,
    896 F.3d 726 (5th Cir. 2018) ................................................................3

*United States* v. *Ramirez*,
    557 F.3d 200 (5th Cir. 2009) ................................................................2

*Slack* v. *McDaniel*,
   529 U.S. 473 (2000)..................................................................................7

*Smith* v. *Cain*,
   708 F.3d 628 (5th Cir. 2013) ...............................................................5, 6

*Wiley* v. *Epps*,
   625 F.3d 199 (5th Cir. 2010) ..................................................................5

**STATUTES**

28 U.S.C. § 2254..........................................................................................2

28 U.S.C. § 2254(d)(1)..................................................................................5

28 U.S.C. § 2254(d)(2)..................................................................................7

28 USC § 2254(d) ..............................................................................1, 5, 6, 7

**OTHER AUTHORITIES**

Rule 5(b) of the Rules Governing Section 2254 Cases ..........................................2

Rule 5(e) of the Rules Governing Section 2254 Cases............................................2

## ARGUMENT

Appellant James Garfield Broadnax ("Broadnax") respectfully submits this reply brief to address arguments raised in the Supplemental Brief for Appellee ("Supp. Br."), filed by Appellee Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division (the "Director").

### I.    The Director's Arguments Concerning Forfeiture are Misplaced

The Director argues that Broadnax forfeited two arguments made in his opening brief:  (i) his response to the Director's argument that *Pinholster* barred consideration of the spreadsheet; and (ii) his argument that, because the state court's decision was unreasonable on the record before it, 28 U.S.C § 2254(d) did not bar consideration of the spreadsheet.  (Supp. Br. at 5-6.)  The Director is incorrect on both counts.

### A.    Broadnax Did Not Forfeit His Argument that *Pinholster* Does Not Preclude Consideration of the Spreadsheet

Broadnax raised his *Batson* claim in both his original and amended petitions for habeas relief.  (ROA.277, ROA.612.)  In the amended petition, he set forth the evidence in support of his claim, including the spreadsheet, and argued that the spreadsheet presented powerful evidence of the prosecution's discriminatory intent in striking from his jury every single African-American juror.  (ROA.616.)  The Director's Answer raised a number of defenses, including asserting, for the first time, that *Pinholster* barred the Court from considering the spreadsheet.  (ROA.928.)

1

Broadnax responded to each of these arguments in his reply brief. (ROA.1069-71.) The Director did not seek leave to file a sur-reply.

Now, for the first time, the Director contends that Broadnax forfeited his reply to the Director's *Pinholster* defense, presumably by not anticipating the Director's defenses and preemptively addressing each one in his petition. (Supp. Br. at 7.) However, premature reply to state defenses is not required by the law. The Director has cited no authority whatsoever requiring a habeas petitioner to anticipate the defenses which might be asserted by the respondent, let alone to plead his possible replies in his petition. To the contrary, Rule 5(b) of the Rules Governing Section 2254 Cases requires a government's answer to "state whether any claim in the petition is barred by . . . a procedural bar," and Rule 5(e) affords petitioners a right to reply. 28 U.S.C. § 2254, Rules Governing Section 2254 Cases, 5(b), 5(e). These rules would be meaningless if a petitioner was not permitted to address in his or her reply defenses and arguments raised in the government's answer.

Indeed, even if we were dealing here with legal briefs on appeal and not habeas pleadings, the Director's argument would fail. While the Fifth Circuit "does not entertain arguments raised for the first time in a reply brief" the Court "views the situation differently when a new issue is raised in the appellee's brief and the appellant responds in his reply brief." *United States* v. *Ramirez*, 557 F.3d 200, 203

(5th Cir. 2009); see also *United States* v. *Koss*, 624 F. App'x 871, 873 (5th Cir. 2015) (same).

For example, in *United States* v. *Juarez-Velasquez*, the Fifth Circuit held that arguments raised in the petitioner's brief had not been waived or forfeited because "any arguments raised for the first time in his reply brief were in direct response to newly-raised arguments in the government's brief." 763 F.3d 430, 436 n.3 (5th Cir. 2014). That is the case here.

The lone case cited in the Director's brief for this point, *United States* v. *Ponce*, 896 F.3d 726, 728 (5th Cir. 2018), does not hold otherwise. (Supp. Br. at 7.) In that case, the appellant—in a direct appeal of a federal conviction—raised a new ground for relief for the first time in his Fifth Circuit reply brief. *See United States* v. *Ponce*, 896 F.3d at 728. Specifically, he affirmatively argued that his presentence report was not reliable. *See id.* That is entirely different from Broadnax responding to the Director's procedural defense, as this Court has repeatedly held. *See, e.g.*, *United States* v. *Peterson*, No. 19-11143, 2020 WL 5905060, at *6 n.5 (5th Cir. Oct. 6, 2020) ("Because, however, the Government raised this issue in its appellee's brief, and Peterson responded in his reply brief, our consideration of this claim 'avoids the more unfair scenario that occurs when an appellant raises a completely new issue in its reply brief, disadvantaging the appellee, and for which the procedural bar concerning initial briefs was properly developed and utilized.'" *quoting United*

3

*States* v. *Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010); *United States* v. *Mitchell*, 776 F. App'x 227, 228-29 (5th Cir. 2019) (stating that the forfeiture rule "does not apply . . . when a new issue is raised in the appellee's brief and the appellant responds in his reply brief") *quoting United States* v. *Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *Fishaye* v. *Holder*, 559 F. App'x 296, 298 (5th Cir. 2014) ("To the extent that Fishaye's argument can be construed as a response to the Government's brief, this court may consider the issue.").

**B.    Broadnax Did Not Forfeit His Argument That the Spreadsheet Can Be Considered Because the State Court's Decision Was Unreasonable on the Record Before It**

The Director also contends, without citing any authority, that Broadnax forfeited his argument that because the state court decision's was unreasonable on the record before it, the spreadsheet should be considered.  (Supp. Br. at 14.)  That contention is meritless.

There is no dispute that Broadnax argued before the District Court that the state court's decision denying his *Batson* claim was unreasonable based on the state court record.  (ROA.297-98, 1071.)  Nor is there any dispute that Broadnax argued before the District Court that the spreadsheet provided evidence of the state's violation of *Batson* and should be considered.  (ROA.612, 616, 1069-71.)  The Director does not articulate how this was insufficient to preserve Broadnax's argument.

Once § 2254(d) is satisfied, *Pinholster* does not bar a court from considering new evidence, including the spreadsheet, in deciding whether to grant relief or in the context of an evidentiary hearing. *See, e.g.*, *Smith* v. *Cain*, 708 F.3d 628, 635 (5th Cir. 2013) ("Because the district court appropriately and correctly concluded that the state court had unreasonably applied *Batson* under section 2254(d)(1) based solely on the state court record, *Pinholster* is inapplicable."); *Wiley* v. *Epps*, 625 F.3d 199, 207 (5th Cir. 2010) ("When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires." (quoting *Panetti* v. *Quarterman*, 551 U.S. 930, 953 (2007)) (internal quotation marks omitted)); *Harris* v. *Haeberlin*, 752 F.3d 1054, 1057 (6th Cir. 2014) ("*Pinholster* is inapplicable to this case because it precludes consideration of evidence introduced in federal court only when determining whether a state [appellate] court's adjudication of a claim involved an unreasonable federal-law error.").

The District Court here did not determine that § 2254(d) was satisfied, and thus neither that court nor the parties addressed what happens next. If this Court determines that § 2254(d) is satisfied and remands to the District Court for further proceedings, the District Court will then need to resolve Broadnax's claim by considering all relevant circumstances. *See Batson* v. *Kentucky*, 476 U.S. 79, 93, 96

5

(1986) (courts considering a *Batson* claim must consider "all relevant circumstances" and should "undertake a sensitive inquiry into such circumstantial and direct evidence of intent as may be available" (internal quotation marks omitted)).  As one district court in this Circuit noted, "in those rare cases in which a state prisoner makes the difficult showing required under Section 2254(d), the federal court must make its own independent determination of the merits of the claim and conduct the evidentiary development necessary to properly make that determination." *Battaglia* v. *Stephens*, No. 3:09-CV-1904-B, 2013 WL 5570216, at *14 (N.D. Tex. Oct. 9, 2013).

Indeed, in *Smith* v. *Cain*, the district court had held that Section 2254(d) was satisfied based on the state court record alone, conducted an evidentiary hearing, and then, *over the petitioner's argument to the contrary*, the Fifth Circuit held that the district court had properly considered new evidence because *Pinholster* no longer applied.  708 F.3d at 634.  Contrary to the Director's position, *Smith* makes clear that the District Court's authority to consider evidence was not Broadnax's to forfeit or waive.

## II.    The Court Has Jurisdiction to Review Broadnax's *Batson* Claim

The Director also errs in suggesting that the Court lacks jurisdiction to consider the merits of Broadnax's *Batson* claim, and the issue of the evidence to be considered on that claim, for two reasons.  (*See* Director. Br. at 14.)  *First*, under

AEDPA, "a COA may issue . . . *only* upon the substantial showing of the denial of a constitutional right." *Slack* v. *McDaniel*, 529 U.S. 473, 481, 483 (2000) (emphasis added) (internal quotation marks omitted). Thus, this Court's COA grant—to determine whether the District Court could consider the spreadsheet under *Pinholster* and § 2254(d)(2)—necessarily encompasses the underlying constitutional claim, namely, whether Broadnax's trial jury selection violated *Batson*. *Id.*; *see also Miller-El* v. *Cockrell*, 537 U.S. 322, 325 (2003) (in deciding to grant a COA, "[t]he question is the debatability of the underlying constitutional claim"). For that reason, this Court maintains jurisdiction over Broadnax's *Batson* claim.

*Second*, in the text of the COA grant, this Court invited Broadnax to address whether the spreadsheet was barred either by *Pinholster* (and thus § 2254(d)(1), which *Pinholster* applied) or § 2254(d)(2).[1] The grant thus included the issues of whether the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[1] The District Court ruled on both § 2254(d)(1) and (d)(2) grounds in rejecting Broadnax's *Batson* claim and in holding that the spreadsheet was barred. (ROA.1190-1192 and n. 73.)

proceeding." 28 U.S.C. § 2254(d)(2). Broadnax's arguments fit squarely within the COA.

### III. The Director Fails to Fully Respond to Broadnax's *Pinholster* Argument and Mischaracterizes That Decision

Finally, the Director does not address, and thus concedes, that the Supreme Court considered Broadnax's exact situation in *Pinholster*, and that the decision does not bar consideration of "new" evidence like Broadnax's, where the evidence is only "new" because the state suppressed it for the duration of state court proceedings. Indeed, *Pinholster* recognized that petitioners who diligently pursue their claims in state court but later discover "new evidence of withheld" documents—like the spreadsheet—"may well present a new claim." *Cullen* v. *Pinholster*, 563 U.S. 170, 186 n. 10 (2011).

Instead of addressing this argument, the Director mischaracterizes *Pinholster,* arguing that it erects a complete ban on new evidence, and suggesting, contrary to the language of *Pinholster*, that Broadnax having "diligently yet unsuccessfully sought this evidence in state court further weighs *against* treating his claim as new." (Supp. Br. at 6, 14.) This position was addressed and rejected by both the majority and dissent in *Pinholster*. *See* 563 U.S. at 186 n.10 (majority opinion), and 563 U.S. at 217 (Sotomayor, J., dissenting). The Director's mischaracterization of *Pinholster*, and focus on pre-*Pinholster* formulations of what constitutes a new claim, speak volumes. Accordingly, this Court should reject the Director's position.

## CONCLUSION

For the foregoing reasons, and those stated in his opening brief, Broadnax respectfully requests that the Court reverse the District Court's decision and remand with instructions to grant Broadnax's petition, or in the alternative, remand for further consideration of and an evidentiary hearing on his *Batson* claim.

Respectfully submitted,

/s/ *Camille M. Knight*

Camille M. Knight
BURLESON, PATE & GIBSON, LLP
*900 Jackson Street, Suite 330*
*Dallas, TX 75202*
*(214) 871-4900*

Steven C. Herzog
Kimberly A. Francis
Ameya S. Ananth
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*1285 Avenue of the Americas*
*New York, NY 10019*
*(212) 373-3000*

*Attorneys for Appellant James Garfield*
*Broadnax*

**CERTIFICATE OF SERVICE**

I, Camille M. Knight, a member of the Bar of this Court and counsel for Appellant James Broadnax, certify that, on October 28, 2020, a copy of the attached Reply to Supplemental Brief for Appellee was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ Camille M. Knight
CAMILLE M. KNIGHT

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

I, Camille M. Knight, a member of the Bar of this Court and counsel for Appellant James Broadnax, certify pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and Fifth Circuit Rule 32.3, that the attached Reply to Supplemental Brief for Appellee is proportionately spaced, has a typeface of 14 points or more, and contains 1912 words, not including those sections that are excluded under those rules.

/s/ Camille M. Knight
CAMILLE M. KNIGHT

OCTOBER 28, 2020